UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD L. BLIZZARD, Sr., appearing  )
as a friend of the court on behalf of    )
TOM RAJKUMAR,                        )
        Petitioner,                           )
                                                   )
        v.                                       )   C.A. No. 04-40164-RCL
                                                   )
UNITED STATES OF AMERICA,            )
        Respondent.                          )

MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this action and directs the clerk to assign a new civil action number to Mr. Blizzard's Motion for Preliminary Injunctive Relief.

BACKGROUND

On August 17, 2004, Donald F. Blizzard, Sr., an inmate confined at FMC Devens, filed on behalf of Tom Rajkumar, also an inmate confined at FMC Devens, a motion under 28 U.S.C. § 2241 seeking Mr. Rajkumar's release. See Docket No. 2. Mr. Blizzard seeks to represent Mr. Rajkumar in this action explaining that under the companion program at Devens, Mr. Blizzard, and others, have been housed with Mr. Rajkumar in his hospital room in order to assist him with daily living activities. Id. at p. 5.

The motion seeks Mr. Rajkumar's release to home confinement due to Mr. Rajkumar's serious medical illness and seeks a sentence reduction under Sentencing Guideline § 5H1.4 based upon Mr. Rajkumar's poor health.[1] Id. A search of the federal judiciary's electronic records system indicates

---

[1] Section 5H1.4 of the Sentencing Guidelines allows that "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. § 5H1.4. Here it is argued that Mr. Rajkumar's various ailments amount to an extraordinary physical impairment that

that Mr. Rajkumar was not sentenced in this Court, but has been a defendant in criminal proceedings in the Eastern District of New York.  See United States v. Rajkumar, et al., C.R. 95-947-2-ARR; United States v. Rajkumar, et al., C.R. 96-11130-TPG; and United States v. Rajkumar, et al. C.R. 98-928-ARR.

On September 10, 2004, Mr. Blizzard filed an unrelated motion seeking preliminary injunctive relief.  See Docket No. 1.  Mr. Blizzard's motion is brought on behalf of himself and other similarly situated prisoners and concerns the conditions of confinement at FMC Devens.

## REVIEW

Although the Motion for Home Confinement Due to Serious Medical Illness is brought, in part, under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 Proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).   A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

## DISCUSSION

---

justifies a downward departure.

I.      Filing Fee

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). Here, petitioner Rajkumar failed to pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees. Ordinarily, the Court will grant a petitioner additional time to do so. Because this action is subject to dismissal, the Court will not grant petitioner additional time to pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees.

II.      Appearances

To the extent Mr. Blizzard seeks to represent Mr. Rajkumar in the instant action, he cannot do so. Although Title 28 U.S.C. § 1654[2] permits persons to proceed pro se, this provision does not allow unlicensed laypeople to represent anyone but themselves. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991); District of Massachusetts Local Rule 83.5.3(c). Here, Mr. Blizzard is not alleged to be an attorney. Under these circumstances, Mr. Blizzard cannot represent Mr. Rajkumar in this action and the action is subject to dismissal on this basis.

III.      Mr. Rajkumar's Motion for Home Confinement Due to Serious Medical Illness

Mr. Rajkumar brings this action pursuant to 28 U.S.C. § 2241 seeking early release based upon his medical condition. The Court has the power to issue the writ if a prisoner is in custody "in

---

[2]Section 1654 states in pertinent part that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

3

violation of the Constitution or laws or treaties of the United States," see 28 U.S.C. § 2241, and such petitions are filed in the district of confinement. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2722 (2004).

Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings), it is clear that this Court is without jurisdiction to modify Mr. Rajkumar's sentence as requested. A district court's authority to revise a criminal defendant's sentence is restricted to those specific instances in which Congress has granted jurisdiction. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir.1996); United States v. Angiulo, 57 F.3d 38, 41 (1st Cir.1995).

To the extent Mr. Rajkumar's motion references 18 U.S.C. § 3553, see page 8, Mr. Rajkumar's reliance on Section 3553 is misplaced, for it does not provide a court any authority to modify a sentence already imposed. See United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997) ("[t]he entire section [18 U.S.C. § 3553] is directed at the initial imposition of a sentence.").

Section 3582(c) of Title 18 "provides three avenues through which the may 'modify a term of imprisonment once it has been imposed.'" Blackwell at 947 (quoting 18 U.S.C. § 3582(c)). The first avenue is upon motion by the Director of Bureau of Prisons for extraordinary and compelling circumstances. See 18 U.S.C. §§ 3582(c)(1)(A)(i),(ii); (2). The second avenue is upon a modification expressly permitted by statue or Rule 35. See § 18 U.S.C. 3582(c)(1)(B). The third avenue is upon a subsequent lowering of a guideline range. See 18 U.S.C. § 3582(c)(2). Only the first of these three avenues for modification are implicated here because the alleged facts do not apply to the remaining

4

two avenues for modification of an imposed sentence.

To the extent Mr. Rajkumar is seeking compassionate release pursuant to the first avenue, the discretion for filing such a request lies exclusively with the Bureau of Prisons. See § 3582(c)(1)(A) (upon motion of the Director of the Bureau of Prisons). An application for compassionate release can only be filed with the sentencing court after the approval of an inmate's request. See 28 C.F.R. § 571.62 (approval of request).

Here, Mr. Rajkumar states that he has not filed an application for compassionate release because in similar situations the Bureau of Prisons "take[s] the position 'Denied, chances of reactivism (sic) too great.'" See Motion for Home Confinement Due to Serious Medical Illness, page 9. Because Mr. Rajkumar has not exhausted his administrative remedies by following the procedural steps for seeking compassionate release, and because such claims must be presented to the sentencing court by the Bureau of Prisons, this action is subject to dismissal.

IV.   Mr. Blizzard's Motion for Preliminary Injunctive Relief

The Court recognizes that Mr. Blizzard's Motion for Preliminary Injunctive Relief was erroneously filed in the instant action and assigned docket number 1. Because the motion should be assigned a separate docket number, it will be returned to the clerk for assignment of a new civil action number.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED

(1) this action is DISMISSED for the reasons stated above.

(2) Mr. Blizzard's Motion (Docket No. 1) shall be returned to the clerk for the random

assignment of a new civil action number.

SO ORDERED.

Dated at Boston, Massachusetts, this  20th  day of  December , 2004.

                                       /s/ Reginald C. Lindsay  
                                      REGINALD C. LINDSAY  
                                      UNITED STATES DISTRICT JUDGE